### WILLIAM STAPLETON v. FANNIE WILCOX ET AL.

#### No. 115.

1. **Injunction Against Void Judgment of Supreme Court—Jurisdiction.**—S. sued to set aside a judgment of the Supreme Court, affirming a judment of the lower court against himself and another as sureties on the appeal bond, and to enjoin the execution issued thereunder, upon the ground that the appeal bond purporting to have been executed by him had never been signed by him, and that his signature to it was forged. *Held*, that if the facts alleged are shown to be true, the execution might be perpetually enjoined, and that the District Court had jurisdiction of the suit to enjoin.

2. **Supreme Court Jurisdiction.** — The Supreme Court could obtain jurisdiction over the person of the plaintiff in error as surety on the appeal bond by his voluntary act in signing it; but if in fact he never signed it, he never became a party to the proceeding, and no power to render a judgment against him was ever obtained by the Supreme Court.

3. **Same.**—The reasons upon which are based the decisions which hold that a party to a judgment will not be allowed to attack it collaterally by evidence aliunde the record, that he never was served with process, have no application here. The Supreme Court in passing on appeal bonds makes no inquiry into the genuineness of its signatures, nor the actual execution of the instrument. To hold that a bond not in fact signed by the surety is conclusive against him, would be a violation of fundamental principles, which bind no persons by judgments except parties and privies, and entitle every one to a hearing before condemnation.

4. **Jurisdiction of the Injunction Suit in the District Court.** — The original jurisdiction properly belonging to courts of equity is vested in the District Court. The Supreme Court possesses no such powers. Its jurisdiction is appellate; and hence, when the aid of equity is sought to afford relief to which a party is entitled against its judgments, the District Court and not the Supreme Court is the proper forum in which to institute the proceedings.

ERROR from Waller. Tried below before Hon. W. H. BURKHART.

*Reese & Tomkins*, for plaintiff in error.— 1. The Supreme Court, as organized under the Constitution, was powerless to hear and determine the matters involved in plaintiff's petition and to afford relief upon the issues of fact presented by the pleadings. Const., art. 5, sec. 3; Rev. Stats., art. 1011; Milam County v. Robertson, 47 Texas, 236; Crawford v. Williams, 1 Swan, 341; Tyler v. Morris, 34 Am. Dec., 396.

2. The judgment having been fraudulently procured, without notice, either actual or constructive, to Stapleton, was void, and the District Court had jurisdiction to enjoin proceedings to enforce it. Freem. on Judg., secs. 486–495; McCoy v. Crawford, 9 Texas, 355; Hulme v. Janes, 6 Texas, 242; Witt v. Kaufman, 25 Texas Supp., 384; Stephens v. Stephens, 62 Texas, 337; Reynolds v. Fleming, 46 Am. Rep., 86; Ferguson v. Crawford, 26 Am. Rep., 589; Taylor v. Lewis, 15 Am. Dec., 138, note; McNeil v. Edie, 24 Kan., 108; Anderson County v. Kennedy, 58 Texas, 616.

3. The fact that the judgment against Stapleton was rendered in the Supreme Court did not affect the jurisdiction of the District Court or its power to grant equitable relief. Freem. on Judg., sec. 495; Anderson County v. Kennedy, 58 Texas, 616; House & Co. v. Collins, 42 Texas, 486; Milam County v. Robertson, 47 Texas, 235; Moke v. Brackett, 28 Texas, 443.

*C. R. Breedlove*, for defendants in error.—1. By statutory enactment the Supreme Court has power, upon affidavit or otherwise, as by the court may be thought proper, to ascertain such matters of fact as may be necessary to the proper exercise of its jurisdiction. Hart v. Mills, 31 Texas, 304; Teas v. Robinson, 11 Texas, 774; Harris v. Hopson, 5 Texas, 532; Weaver v. Shaw, 5 Texas, 288; Rev. Stats., arts. 1013, 1070.

2. The District Court, under the Constitution then in force, was not a court of general jurisdiction. Railway v. Dowe, 70 Texas, 1; Const., art. 5, sec. 8; Rev. Stats., art. 1117.

3. This proceeding is a collateral attack through the District Court of a final judgment of the Supreme Court. Crane v. Blum, 56 Texas, 325; Tennell v. Breedlove, 54 Texas, 540.

WILLIAMS, ASSOCIATE JUSTICE.—In 1885 appellees recovered judgment against R. W. Crawford and W. F. Duer, in the District Court of Waller County, from which Crawford and Duer prosecuted an appeal to the Supreme Court, giving a supersedeas appeal bond, to which the name of William Stapleton, the present plaintiff in error, appeared as one of the sureties.

On March 1, 1887, the judgment of the District Court was affirmed, and the amount thereof adjudged against the sureties on the bond. Man-

date was sent down to the District Court, and an execution was issued on the 10th day of May, 1887, against all the parties to the appeal bond, including Stapleton. The present suit was then instituted by Stapleton to enjoin the writ, and to set aside the judgment of the Supreme Court, upon the allegation that he had never signed the appeal bond, but that his name appearing thereto had been forged by some one unknown to him. A preliminary injunction was issued restraining the execution. Defendants filed exceptions to the petition, and a motion to dissolve the injunction, on the ground that the District Court had no jurisdiction to grant the relief prayed for, and that if it could be obtained from any court, the Supreme Court was the only tribunal empowered to grant it. These exceptions were sustained, the injunction was dissolved, and the cause dismissed.

The Supreme Court could obtain jurisdiction over the person of the plaintiff in error, as a surety on the appeal bond, by his voluntary act in signing it. If he did not in fact sign it, he never became a party to the proceeding, and no power to render judgment against him was ever obtained by that court.

The reasons upon which are based the decisions which hold that a party to a judgment will not be allowed to attack it collaterally, by evidence aliunde the record that he had never been served with process, have no application here. The court, when its judgment is based upon service of process upon a party to the suit, is bound to inquire into its regularity and sufficiency, and when it has done so and pronounced its judgment, the record is held by our courts to impart absolute verity, and can not, in collateral proceedings, be contradicted by evidence to show that the party was not in fact served.

The Supreme Court in passing on appeal bonds makes no inquiry into the genuineness of the signature to the same, but accepts them as they are found in the record. It does not undertake to ascertain whether the sureties actually executed the instrument, and has no means of doing so, unless issue is made before it. The judgment upon the bond follows as a matter of course upon affirmance of the judgment upon which the appeal is taken. One whose name has been forged to such a bond, without his knowledge, is no party to the appeal, and has no opportunity of being heard before that tribunal prior to the rendition of the judgment. To hold that it is conclusive against him would be a violation of fundamental principles, which bind no persons by judgments except parties and privies, and which entitle every one to a hearing before condemnation.

The judgments of the Supreme Court have no greater efficacy than the final decrees of other courts of competent and general jurisdiction. A judgment pronounced by it without having obtained jurisdiction is as open to attack as that of any other tribunal. Against execution of a void

judgment, equity will always, when necessary, afford relief by injunction. Witt v. Kaufman, 25 Texas Supp , 384; Johnston v. Loop, 2 Texas, 330.

The original jurisdiction belonging properly to courts of equity is vested in the District Courts. The Supreme Court possesses no such powers. Its jurisdiction is appellate; and hence it is true that when the aid of equity is sought to afford relief to which a party is entitled against its judgment, the District Court and not the Supreme Court is the proper forum in which to institute the proceedings. It is true the Supreme Court has ample powers to "ascertain such matters of fact as may be necessary to the proper exercise of its jurisdiction," but the jurisdiction in aid of the exercise of which such evidence is receivable is its appellate jurisdiction. It doubtless had the power, as an incident to the proper disposition of the appeal in question, had the issue been made, to inquire into the execution of this bond. But the issue was not made by the parties, and plaintiff in error can not be held concluded by a judgment in a cause to which he was in no proper sense a party.

The execution, if the facts alleged by plaintiff are true, conferred upon the sheriff no authority to levy upon plaintiff's property, and was properly enjoined. The cause should have been heard upon the evidence, and if it was found that plaintiff had not executed the bond, nor authorized its execution, the sheriff and other defendants should have been perpetually enjoined from enforcing the judgment against plaintiff.

*Reversed and remanded.*

Delivered March 16, 1893.