## J. O. ROWLETT ET AL. V. J. N. WILLIAMSON.

### Delivered January 20, 1898.

**1.  Judgment—Void or Voidable.**

A judgment on appeal against the sureties on the appeal bond is not a nullity where the court had acquired jurisdiction over the case and over the parties to the bond, although the name of one of the sureties on the bond as originally made out was erased without the knowledge or consent of the other surety, and the name of another person as surety added.  Distinguishing Stapleton v. Wilcox, 2 Texas Civil Appeals, 544.

**2.  Same—Injunction—Diligence.**

A surety on an appeal bond who learns that the judgment has been erroneously rendered on the bond against him, during the term of court at which such judgment is rendered, is not entitled to an injunction to restrain the enforcement of the execution, where he made no application for relief to the court during such term.

APPEAL from Jackson.  Tried below before Hon. T. S. REESE.

*J. M. Moore, J. D. Owen* and *J. O. Rowlett,* for appellants.

No brief for appellee reached the Reporter.

WILLIAMS, ASSOCIATE JUSTICE.—Appellee, on the 12th day of February, 1897, obtained an injunction to restrain the enforcement of an execution issued out of this court on December 1, 1896, upon a judgment rendered by this court on February 27, 1896, in a cause in which H. L. White was appellant against Rowlett, as appellee, by which the cost of appeal was adjudged against White, as principal, and Williamson, the present appellee, and James Power as sureties upon his appeal bond.

The ground upon which the injunction was sought, briefly stated, was that appellant had agreed with White to sign the appeal bond on condition that White would obtain the signature of one Christy, as cosurety, and deposit with Christy certain collateral security to indemnify the sureties; that White had deposited the collateral with Christy and obtained his signature, and that Williamson had then signed the bond, and it had been filed with and approved by the clerk; but subsequently, without the knowledge or consent of Williamson, White had, with the consent of the clerk, withdrawn the bond, erased the name of Christy, and in his stead procured the signature of Power, with whom the collateral was deposited, having been withdrawn from the possession of Christy for that purpose; and that the bond, thus altered, had been filed and appeared anew, the original indorsements being erased.  It was not alleged or shown that Rowlett was connected with or knew anything about these transactions.  It was alleged, and there was evidence to show, that Williamson knew nothing of the alteration of the bond until after the rendition of the judgment in this court.  It was not alleged that he did not know of it before the end

of the term at which the judgment was rendered, and it appeared at the trial that he did. The court below, upon these facts, perpetuated the injunction and adjudged that the judgment against Williamson was null and void. The assignments of error question the sufficiency of the pleadings and evidence to sustain this judgment.

The case is not briefed for appellee and there are no findings of the court in record. The only information given as to the theory upon which the judgment is based is the adjudication that the judgment enjoined is void. We do not think that proposition is true. When the appeal bond, in accordance with law, was filed the jurisdiction of this court attached. It included the power over the sureties signing the bond to render such judgment against them as the determination of the appeal made proper. To say that it had not such jurisdiction over them when the cause was decided is equivalent to asserting that it could be taken away by the action of the appellant, the clerk, and one of the sureties, without the consent of the appellee or of the court, a proposition which can not be for a moment conceded. Having once acquired jurisdiction over the case and over the parties to the bond, the appellate court had power to ascertain such matters of fact as were necessary to its proper exercise. Rev. Stats., art. 998. Its judgment declaring the liability of the persons who had signed the bond and thereby become amenable to its power, could not, therefore be a nullity. In this the case is clearly distinguished from that of Stapleton v. Wilcox, 2 Texas Civil Appeals, 544, in which it was held that a judgment of the Supreme Court against a person whose name appeared on the appeal bond, but who had not in fact signed it, was rendered without jurisdiction and was void, and that the district court had power to enjoin an execution issued upon it. No jurisdiction over the complainant in that case had ever attached. Here the reverse is true. That this court had the power, had it been invoked, to inquire into the matter now set up by appellee, to determine whether appellant and Christy, or appellant and Power, or all three were liable on the appeal bond, is we think manifest from the language of the statute. In any view that might have been taken as to the liabilities of these parties, the court would have had jurisdiction over the appeal, and to inquire and ascertain which ones of them were responsible as sureties. Such ascertainment would have been "necessary to the proper exercise of its jurisdiction." Cruger v. McCracken, 87 Texas, 584; Hart v. Mills, 31 Texas, 304, and authorities there cited.

As this court had jurisdiction over that appeal and the signers of the appeal bond, it must follow that its judgment, determining their liability, even if erroneous because of the existence of facts not made to appear, was yet valid until set aside by some proper proceeding. If it be true that, by the facts shown in this case, Williamson was released from liability upon the bond, which we do not hold, that constituted a defense to it which it was incumbent on him to assert at proper time and in proper manner. If such defense existed and he was, without

fault or neglect on his part, prevented from asserting it in this court, it may be true that the district court, exercising the powers of a court of equity, could give him relief, conformably to the principles upon which such courts are accustomed to grant relief against other judgments, and that the fact that the judgment was rendered by an appellate tribunal would be no bar to such relief. But in our opinion he has failed to show such a case. He learned of the judgment during the term of the court at which it was rendered, when he could still have moved for a correction of it, and made known the facts upon which a proper judgment could have been based. Upon an application this court could have ascertained which was the true appeal bond and who were the parties liable upon it. Christy, as a party to it, could have been adjudged liable along with plaintiff. An injunction to restrain a judgment against a party not served and let in his defense will not be granted if the court rendering the judgment be still in session. Hamblin v. Knight, 81 Texas, 351. The principle of that decision is we think applicable to this case. Instead of applying for relief, appellee allowed the term to expire and waited for nearly a year before taking any action whatever. No fault of the opposite party is alleged or proven. When it was too late for a different judgment to be rendered, securing the rights of all parties, he applied to equity for relief. He did not then make Christy and Power parties in order that their liabilities might be determined. Without pursuing the subject further or discussing other objections which might be suggested, we think those pointed out are conclusive. Reversed and rendered.

*Reversed and rendered.*