## WAURIKA OIL ASS'N et al. v. ELLIS.
### (No. 1772.) .

(Court of Civil Appeals of Texas. Amarillo.
Nov. 12, 1924. Rehearing Denied
Dec. 31, 1924.)

**1. Courts ⚖️207(5)—Appellate court may prohibit further proceeding in suit to enjoin execution of its judgment.**

Court of Civil Appeals may prohibit further proceeding in suit to· enjoin execution of its judgment, when apparent from allegations therein and record of case on appeal that relief sought is not warranted.

**2. Judgment ⚖️237(4) — Against joint-stock association not prevented by dismissal of claim of personal liability against trustee.**

Dismissal of claim of personal liability against trustee of joint-stock association would not prevent plaintiff from securing judgment against association. Rev. St. arts. 6149–6153.

**3. Judgment ⚖️713(2)—Question not raised below closed by judgment on appeal.**

Question not raised as to whether dismissal of claim of personal liability against trustee prevented judgment against joint-stock association was closed by judgment on appeal.

**4. Joint-stock companies and business trusts ⚖️19—Judgment held not against named trustee of joint-stock association personally.**

Judgment against joint-stock association, with named individuals as trustees, *held* not against them personally.

**5. Judgment ⚖️443(1) — Personal judgment against one whose name was signed to appeal bond without authority void.**

Personal judgment against one whose name was signed to appeal bond without authority is void. ·

**6. Appeal and error ⚖️1185—Judgment ⚖️407(1)—Relief against void judgment on appeal may be had on application to appellate court or trial court of equity.**

Relief against enforcement of personal judgment against one whose name was signed to· appeal bond without authority may be had on application to Court of Civil Appeals, supported by affidavit as to facts, or in trial court of equity. ·

**7. Election of remedies ⚖️3(1) — Judgment ⚖️585(2)—Application to Appellate Court or trial court of equity, for relief against void judgment of former, held not to involve election of remedies, but judgment in either res adjudicata.**

Remedies against enforcement of personal judgment against party, whose name was signed to appeal bond without authority, on application to Court of Civil Appeals or in trial court of equity, are not inconsistent, so that doctrine of election of remedies in strict sense does not apply, but principle of res adjudicata would apply to any judgment rendered in either case.

**8. Judgment ⚖️720—Judgment on motion to vacate judgment of appellate court precludes further ·attack on ground in issue on motion.**

Judgment of Court of Civil Appeals, overruling motion to vacate personal judgment against one party precludes further attack thereon, on ground that his name was signed to appeal bond without authority, if such matter was in issue in proceedings on motion.

**9. Judgment ⚖️719—Judgment overruling motion to vacate appellate court's judgment held not res adjudicata as to issue whether movant's name was signed to· appeal bond without authority.**

Judgment of Court of Civil Appeals on motion to vacate its judgment against movant, on ground that sufficient facts appeared in record to show that it was erroneously rendered, *held* not res adjudicata as to issue whether his name was signed to appeal bond without authority, though court had jurisdiction to consider facts not of record touching execution of bond, where statement that bond was signed by mistake without movant's knowledge was made incidentally, as inference from other facts, rather than as fact to be put in issue by proof independent of record.

Application by G. R. Ellis for writ of prohibition against the Waurika Oil Association and others. Writ granted in part. .

See, also, 232 S. W. 364, 254 S. W. 1032.

Bonner, Bonner & Sanford, of Wichita Falls, for relator.

Homer N. Boardman, of Oklahoma City, Okl., and H. D. Payne, of Fort Worth, for respondents.

BOYCE, J. In this case G. R. Ellis, the appellee, has applied for a writ of prohibition 'against Y. E. Hildreth and, others, to prevent the prosecution of a suit brought by Hildreth in the district court of Wichita county to enjoin the execution of the judgment of this court heretofore rendered in this cause, and to have the same adjudged to be a nullity. A brief statement of certain of the pleadings prior to the rendition of the judgment on appeal, and of certain subsequent proceedings, is necessary to a disposition of the 'application.

G. R. Ellis brought the suit against the "Waurika Oil Association No. 1, joint-stock association, with W. R. Shankle, Y. E. Hildreth, T. A. Edmonds, as trustees, organized under declaration of trust, * * * and Alfred J. Diffie" as defendants. The record brought upon the appeal from the judgment in that case does not contain the citations. Answer was filed by "defendants," but they are not designated by name in such answer. The judgment rendered in the lower court, recites the following facts: That the Waurika Oil Association No. 1 appeared by its trustees and by attorney, and Alfred J. Diffie appeared in person and by attorney, and announced ready· for trial; that after the in-

troduction of the evidence, on trial before a jury, the plaintiff dismissed as to Alfred J. Diffie; that the case was thereupon submitted to the jury, and a verdict returned. The judgment then was one of dismissal against Alfred J. Diffie, and in favor of the plaintiff, G. R. Ellis, against the "Waurika Oil Association No. 1, a joint-stock association, with W. R. Shankle, Y. E. Hildreth, and T. A. Edmonds, as trustees, or their successors as trustees, but not against W. R. Shankle personally." Prior to the rendition of the judgment, and after the return of the verdict, the plaintiff moved for judgment "against the defendant Waurika Oil Association No. 1, and against W. R. Shankle, member, trustee and president of said joint-stock association, on whom service of citation was personally had herein." The Waurika Oil Association filed motion for new trial, which was overruled. In the order overruling motion for new trial, plaintiff was again denied judgment against Shankle personally, to which he excepted. The defendant Oil Association changed attorneys on appeal; the supersedeas appeal bond recites that judgment was against the Waurika Oil Association and Y. E. Hildreth and T. A. Edmonds, and the bond purports to be executed by said parties as principals, and by J. L. Wilkins and R. H. Wilkins as sureties. The name of the Waurika Oil Association appears to have been signed to the bond by two trustees; the names of Hildreth and Edmonds were signed by W. F. Weeks, "attorney of record." Mr. Weeks was one of the firm of attorneys who represented the appellant on the appeal; this firm not having theretofore appeared in the case. The judgment was, on such appeal, affirmed. Waurika Oil Association v. Ellis (Tex. Civ. App.) 232 S. W. 364. The judgment on affirmance was against the Waurika Oil Association, Hildreth and Edmonds, as principals, and the Wilkins as sureties. Mandate was issued from this court in June, 1922. In June, 1923, Hildreth and Edmonds filed a motion in this court to correct and vacate the judgment as to them. The propositions relied on to support that motion were in substance, first, that misrecitals in a judgment may be amended on application of a party at interest, and corrected by the appellate court; second, that notice of appeal is jurisdictional, and this court had no jurisdiction to render judgment against Hildreth and Edmonds, since they were not parties to the suit, and gave no notice of appeal; third, that this court would have no jurisdiction to render judgment against them, since they had not given notice of appeal, though they did sign the appeal bond; fourth, that a judgment rendered without pleading is a nullity, that no personal judgment had been sought against Hildreth and Edmonds, "and the clerical error in the appeal bond naming them as principals" did not authorize a valid judgment against them; fifth, that,

where the judgment of the court is incorrect or a nullity, it may be vacated at a subsequent term. This motion was signed by attorneys, it made statement of facts as disclosed by the record, and contained an incidental statement to the effect that Mr. Weeks signed the names of Hildreth and Edmonds "through clerical error and under misapprehension of the facts, and without the knowledge of Hildreth and Edmonds"; the motion was not sworn to by any one. This motion was overruled on October 10, 1923. Waurika Oil Association v. Ellis (Tex. Civ. App.) 254 S. W. 1032. On February 15, 1924, Y. E. Hildreth filed a suit in the district court of Wichita county, in which the Waurika Oil Association, Edmonds, and the Wilkins were made defendants. The purpose of this suit being to set aside the original judgment of the district court, and the judgment of this court, and to enjoin execution thereof. As grounds for this relief Hildreth alleges in his petition that he was not served with process in the suit, and knew nothing of it until after the issuance of the mandate from this court; that he knew nothing of the execution of the appeal bond, and that no one had authority to execute it for him; that he had a good defense to the suit, in that he had no connection with the Waurika Oil Association at the time of the transaction out of which plaintiff's claim arose. It is further alleged by Hildreth in his said petition that the judgments referred to were nullities, because the Waurika Oil Association "is and was a partnership or trust estate, and that W. R. Shankle, trustee, who was the only one upon whom service was had, and the only one of said copartnership against whom judgment could have been legally rendered," was excused and dismissed, and that such action amounted to a dismissal of said cause against the copartnership. It is further alleged that there was no pleading in the cause which would authorize a judgment against Hildreth, and that said judgment is therefore void. In this petition plaintiff proceeds on the theory that the judgment of the district court, as well as the judgment of this court, was against Hildreth personally. The surety R. H. Wilkins and the legal representatives and heirs of J. L. Wilkins, deceased, answered and filed a cross-petition; in this cross-petition, they assert that the judgments were void for the same reasons assigned by Hildreth. They further allege that they executed the bond as sureties on representations that Edmonds and Hildreth were bound thereon as principals, and in reliance on such fact; that they had no knowledge to the contrary until the filing of the injunction suit by Hildreth. Wherefore they say that they should not be bound by such obligation, and the judgment rendered thereon. They further allege that J. L. Wilkins had acquired by transfer from Ellis, a three-eighths interest in the judgment

and pray that his right to the same be established and confirmed in the event said judgment should not be held void.

Ellis files this proceeding in this court to prohibit further action in the district court in the suit mentioned.

[1] The judgment attacked by the suit in the district court of Wichita county is the judgment of this court, and if upon consideration of the allegations made the basis of such attack, in connection with the record of the case on appeal, it is apparent that there is no warrant in law for the relief sought against the judgment, then we have no doubt as to our authority and duty to prohibit further proceeding therein. Long v. Martin (Tex. Civ. App.) 260 S. W. 327; City of Palestine v. City of Houston (Tex. Civ. App.) 262 S. W. 215; Halbrook v. Quinn (Tex. Civ. App.) —— S. W. —— (not reported at this writing).

[2, 3] The attack on the judgment on allegations that it is void because of the alleged dismissal of the suit by plaintiff as to Shankle is unwarranted, both in fact and law. The record shows that plaintiff, instead of dismissing as to Shankle, was insisting on personal judgment against him. Even if there had been a dismissal of claim of personal liability against Shankle, that would not, in our opinion, have prevented plaintiff from securing judgment against the joint-stock association. R. S. arts. 6149–6153. At any rate, if any such question was ever in the case it should have been raised, and, not having been raised, was closed by the judgment on appeal. Long v. Martin, supra.

[4-6] The record sustains the statement that Hildreth, as an individual, was not a party to the suit. Respondents are in error, we think, in the assumption that the judgment of the district court was against Hildreth and Edmonds personally; but that is not material. But if it be true that Hildreth's name was signed to the appeal bond without authority the personal judgment rendered against him in this court was void. Stapleton v. Wilcox, 2 Tex. Civ. App. 542, 21 S. W. 972. Relief against the enforcement of such judgment might be had either on application to this court, supported by affidavit as to the facts. Cruger v. McCracken, 87 Tex. 584, 30 S. W. 537; Milam County v. Robertson, 47 Tex. 222; Rowlett v. Williamson, 18 Tex. Civ. App. 28, 44 S. W. 624; Rushing v. Citizens' National Bank (Tex. Civ. App.) 160 S. W. 337; Seiter v. Marschall, 105 Tex. 205, 147 S. W. 226, or in a trial court of equity; Stapleton v. Wilcox, 2 Tex. Civ. App. 542, 21 S. W. 972; Milam County v. Robertson, 47 Tex. 235.

[7-9] The remedies suggested are not inconsistent, so that the doctrine of the election of remedies in the strict sense would not apply, 20 C. J. p. 6; 9 R. C. L. p. 958. However, the principle of res adjudicata would apply to any judgment that might be rendered as the result of the adoption of either of the remedies; the judgment rendered on the motion to vacate being such judgment as will sustain the application of this rule of law. Grayson County National Bank v. Wandelohr, 105 Tex. 226, 146 S. W. 1186; Bernhard v. Idaho Bank & Trust Co., 21 Idaho, 598, 123 P. 481, Ann. Cas. 1913E, p. 120. The question, then, is whether the judgment rendered by this court on Hildreth's motion to vacate the judgment as to him will preclude any further attack on the original judgment of this court on the ground that it was a nullity because Hildreth's name was signed to the bond without his authority. If that matter was in issue in the proceedings on the motion, we do not doubt that an affirmative answer should be given to the question stated. The motion to vacate was evidently drawn on the theory that sufficient facts appeared in the record to show that the judgment against Hildreth was erroneously rendered. The statement that the bond was signed through mistake and without Hildreth's knowledge seems to have been made incidentally and rather as an inference justifiable from the other facts appearing of record than as a fact to be put in issue by proof independent of the record. This court in passing on the motion intimated that we were without jurisdiction to consider such facts as did not appear of record touching the execution of the bond. While we have concluded from a further investigation of the authorities that we were mistaken as to such matter, yet we think, under the circumstances, that we ought not to hold that the judgment on the motion is res adjudicata as to this particular issue. 23 Cyc. 1312, 1317; Black on Judgments, § 617. We conclude, therefore, that we will permit the prosecution of the suit by Hildreth for the purpose of ascertaining the facts as to his signature to the bond and affording him appropriate relief in such connection.

Neither party has briefed the question as to what might be the rights of the sureties Wilkins in the event it should be found that Hildreth and Edmonds should be released from liability on the bond, and that the sureties signed it under the circumstances alleged by them. We express no opinion thereon, though we call attention to the following authorities which our own investigation has disclosed: Rushing v. Citizens' National Bank (Tex. Civ. App.) 160 S. W. 337; Rowlett v. Williamson, 18 Tex. Civ. App. 28, 44 S. W. 624. Since in any event there is to be an investigation of the facts surrounding the execution of the bond, we have decided to allow the trial court to hear evidence as to all such facts for the purpose of determining the resultant rights and liabilities of both Hildreth and the sureties, and to enter such judgment as it may be finally determined the law will require in the premises.

The question as to the present ownership of the judgment may also be properly litigated in the suit.

The scope of the trial should be limited as indicated, and, to accomplish that purpose, the writ will be granted in part.