## SHUTTLES v. BUTCHER.

### No. 2085.

Court of Civil Appeals of Texas. El Paso.
Oct. 23, 1930.

For former opinion, see 1 S.W.(2d) 661.

McBride, O'Donnell & Hamilton, of Dallas, for movant.

Crate Dalton and Walter M. Van Nort, both of Dallas, for respondents.

PELPHREY, C. J.

December 8, 1927, in the case of Shuttles v. Butcher, 1 S.W.(2d) 661, this court affirmed a judgment against Shuttles theretofore rendered in the district court of Dallas county, and rendered judgment against the sureties on a supersedeas bond given by Shuttles in said cause. A motion for rehearing was denied on January 5, 1928. A writ of error was later refused by the Supreme Court.

On August 13, 1928, Butcher brought suit against Carnahan Holding Company and sued out a writ of garnishment seeking to subject the stock of R. Carnahan, one of the sureties on the above supersedeas bond to the payment of the debt due him by Shuttles.

Carnahan brought a suit in the district court of Dallas county to enjoin the levying of such writ. A temporary injunction issued, and the case appears to be still pending in the district court.

Carnahan died about September 1, 1928, and his coadministrators have filed a motion in this court to modify the judgment rendered in December, 1927, as to Carnahan.

■ The contention presented by movants is that Carnahan's signature to the supersedeas bond was a forgery, and that, by reason of such fact, we never acquired jurisdiction to render any judgment against him, and that our judgment, in so far as it attempted to hold him liable, was void.

It seems from the authorities that relief against the enforcement of such a judgment may be had in two ways: (1) By application to this court, supported by affidavit as to the facts; or (2) by injunction in a trial court of equity. Waurika Oil Ass'n v. Ellis (Tex. Civ. App.) 267 S. W. 523, and authorities cited.

It appears from the motion filed that Carnahan, in his lifetime, took advantage of the latter remedy, and, from the certificate of the clerk of the court where such suit was filed, it appears that no final disposition has been made of the case.

We therefore are presented with the question of whether we should entertain this motion, when an action seeking the identical relief prayed for here is pending in a court of concurrent jurisdiction. Under the facts, we think the relief should be denied.

The district court is certainly in a much better position to try out the issues of fact than this court, and, the motion and affidavits in support of it showing that the case there has not been disposed of, we think the right to the relief sought should be pursued in that forum.

■ The principle of res adjudicata would apply to any judgment that might be rendered as the result of the adoption of either remedy, and the question being now pending in the district court, and that fact being shown by the movants themselves, the motion should be dismissed without prejudice, and it is so ordered.