### SIMMS OIL CO. et al. v. BUTCHER.
No. 11078.

Court of Civil Appeals of Texas. Dallas.
Nov. 19, 1932.

Rehearing Denied Dec. 17, 1932.

Thompson, Knight, Baker & Harris, Dwight L. Simmons, and Robert Lee Guthrie, all of Dallas, for appellants.

Walter M. Van Nort and Crate Dalton, both of Dallas, for appellee.

JONES, C. J.

In a district court of Dallas county, appellee, W. T. Butcher, obtained a judgment of foreclosure and order of sale on a business lot in the city of Dallas, against appellants Simms Oil Company and Hopkins-Crandall, Inc., to satisfy a judgment indebtedness of $2,256.73, with interest at the rate of 6 per cent. per annum from September 25, 1926, and for the additional sum of $166.40 as court costs, against R. Carnahan, as surety on a supersedeas bond. Judgment for a like amount was obtained by Simms Oil Company against M. L. Jones and the National Bank of Arkansas, as executors of the estate of R. Carnahan, deceased, as warrantor of the title to the land. The Simms Oil Company and the executors have duly perfected an appeal to this court. For convenience, Simms Oil Company will be styled appellant, and M. L. Jones and the National Bank of Arkansas, as executors. The facts are as follows:

On or about September 25, 1926, appellee recovered judgment against one George E. Shuttles, in the district court of Dallas county, for the Ninety-Fifth judicial district, in the sum of $2,256.73. Shuttles perfected an appeal from this judgment to this court, executed a supersedeas bond with J. D. Crandall and R. Carnahan as apparent sureties, in the amount required by law. The cause was duly transferred from this court to the El Paso Court of Civil Appeals, and on December 8, 1927, the latter court affirmed the judgment of the district court, and entered the usual judgment against the sureties, whose names appeared on the supersedeas bond. This judgment was properly abstracted in Dallas county on July 5, 1928, and it was the statutory lien, created by the abstract of this judgment, appellee sought by this suit to foreclose. At the time the judgment was abstracted, R. Carnahan was the owner of the lot or parcel of land in question. During the same year and after the abstract of judgment was filed, Carnahan duly conveyed the land by warranty deed to Hopkins-Crandall, Inc., which latter company conveyed the land by warranty deed to appellant. After the judgment of affirm-

ance was rendered, Carnahan died, and M. L. Jones and the National Bank of Arkansas duly qualified as executors of his estate.

As an equitable defense to appellee's suit, appellant alleged in its verified answer: "That the supersedeas bond described in plaintiff's petition and alleged to have been executed by George E. Shuttles as principal, and J. D. Crandall and R. Carnahan as sureties, was not signed or executed by R. Carnahan, nor by any person authorized by him to sign or execute it for him; that said instrument in writing was made without R. Carnahan's knowledge or consent, and that he has never at any time since ratified or confirmed the same."

In their verified answer, the executors alleged: " * * * That if the name of R. Carnahan appears to have been signed to any such supersedeas bond as that described in plaintiff's petition, the said R. Carnahan's name to such bond was forged without his knowledge, that he never was a party to the appeal in which such purported supersedeas bond appears to have been filed, and that the purported judgment upon such forged signature to said alleged supersedeas bond is void and of no effect and force whatever; that no rights ever accrued against the said R. Carnahan, or against his estate or the representatives of such estate, by reason of said judgment which was void, and that the said W. T. Butcher's assertion of a claim against any property owned at the time such purported judgment was rendered is of no force and effect and cannot constitute the basis of any claim either against the estate of the said R. Carnahan or against any property, the title to which has heretofore been warranted by the said R. Carnahan, for which reason the plaintiff is not entitled to recover either against Simms Oil Company or against the estate of R. Carnahan, or any other persons perforce of the attempt to assert a lien by abstracting said void judgment."

To each of the allegations above set forth, the court sustained a general demurrer and a special exception which had the force of a general demurrer. The special exception sustained is that the allegations constitute a collateral attack upon the judgment of the El Paso Court of Civil Appeals. This special exception contained matters that are in the nature of a plea in bar, and we conclude that such part of the exception was not sustained by the trial court. As the result of the ruling of the court on the general demurrer and special exception, appellants were not permitted to offer evidence on the issue of the forgery of the name of R. Carnahan to the supersedeas bond. Appellants duly excepted to the ruling of the court in this respect, and have assigned error only on this ruling. The case was tried on the issues made by appellee's pleading and the cross-action of appellants,

and the judgment above described duly entered.

The allegations stricken from the pleadings of appellant and the executors sought to obtain relief from a judgment entered against R. Carnahan on an instrument alleged to have been forged as to him, and hence not binding on them. This pleading constitutes a collateral attack upon the judgment of the El Paso Court of Civil Appeals. Hence the question for decision is, Can an apparent surety on a supersedeas bond, whose name was forged thereto, establish the fact of such forgery, in a proceeding to enforce the judgment against him, in a collateral attack on the judgment entered against him by an appellate court as such surety?

For the purpose of this appeal, we must assume the truth of the allegations by the executors and appellant that Carnahan neither signed nor authorized the signing of his name to the supersedeas bond, and that his signature thereto was forged. The appellate court could obtain jurisdiction of the person of Carnahan as a surety on the supersedeas bond alone by his voluntary act of signing it. As such bond was not signed by him, he never became a party to the proceedings in which the judgment was entered, and no power to render judgment against him was ever vested in the appellate court. Such court having no power to render a judgment against Carnahan, the rendition thereof is void. The general rule of law is well established in this state that a judgment rendered by a court, even of general jurisdiction, is void, if such court had, at the time of the rendition of the judgment, no jurisdiction over the person against whom the judgment is rendered. Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325.

However, not every judgment that is in fact void can be impeached by means of a collateral attack. The general rule is that, the infirmity of the judgment, in the respect that renders it void, must appear on the face of the record, and cannot be shown by evidence aliunde, except in a proceeding that constitutes a direct attack on the validity of the judgment. It is the settled rule of law in this state that, on any matter upon which the court must have passed in the rendition of the judgment against a party to the proceedings, such judgment, on a collateral attack, is immune from evidence aliunde the record. Crawford v. McDonald, supra, and cases therein cited. The jurisdiction over the person of a defendant litigant in a court of general jurisdiction rests either upon the due service of process on such litigant, or some act of his which amounts to voluntary submission to the jurisdiction of the court. Before judgment can be entered against such litigant, the court is bound to inquire into the regularity and sufficiency of the service, and the fact that a judgment is rendered in the suit constitutes a conclusive presumption that the court did investigate the service and pronounced it valid, even though there is no recital of such fact in the judgment. The question of service vel non thus becomes an issue adjudicated by the court. In such a case, the record is held by our courts to import absolute verity, and cannot be contradicted by evidence in a collateral attack, to show that the defendant was not in fact served. Stapleton v. Wilcox et al., 2 Tex. Civ. App. 542, 21 S. W. 972.

Bearing in mind the fact that the jurisdiction of the appellate court, in the instant case, could be obtained solely upon the voluntary act of Carnahan in signing the supersedeas bond, if the appellate court must necessarily have passed upon the genuineness of his signature to the bond, before the rendition of judgment against Carnahan as a surety, then it would be conclusively presumed that the appellate court entered into such inquiry, pronounced the signature genuine, and in that event neither appellant nor the executors could contradict such presumed adjudication of this jurisdictional fact in the collateral attack on the judgment. It is a fact, however, that appellate courts make no inquiry into the genuineness of the signatures to an appeal bond, but accept such signatures as they are found in the record. Such courts do not, and ordinarily cannot, undertake to ascertain whether or not the sureties actually executed the instrument, for they have no means of making such an inquiry, unless an issue is directly made before such court of this fact. Stapleton v. Wilcox, supra; Waurika Oil Ass'n v. Ellis (Tex. Civ. App.) 267 S. W. 523.

As to the jurisdiction of the appellate court over Carnahan, to render the judgment against him as surety on the supersedeas bond, the case assumes the aspect of the rendition of a judgment against him with no inquiry being made as to the genuineness of his signature to the supersedeas bond, and no adjudication by the court of the fact of its jurisdiction over him. There is an obvious distinction between cases of the character of the instant case and cases in which a defendant in a suit attempts in a collateral attack to impeach a judgment rendered against him because of a claim that he was not actually served with citation. In the latter class of cases, the issue of service was actually adjudicated by the court, while in the instant case, as we have seen, there was no adjudication of such issue. In the one class of cases, our courts say the adjudication of service, as a matter of public policy, must be held final until set aside by a direct attack. Crawford v. McDonald, supra, and cases therein cited. In the other class of cases, in which the instant case falls, our courts say that, as the

matter of jurisdiction over the complaining person was never adjudicated by the court, the reason for the public policy rule, which controls the former class of cases, does not exist, and, the judgment against the complaining person being void, for want of jurisdiction, such person can attack collaterally the judgment against him in any proceeding in which such judgment is sought to be enforced. Stapleton v. Wilcox, supra; Waurika Oil Ass'n et al. v. Ellis, supra.

We therefore hold that the court erred in sustaining the general demurrer and special exception, striking out the allegations in the respective answers of the executors and the appellant to the effect that Carnahan's name was forged to the supersedeas bond, and that for such error this case must be reversed and remanded.

Reversed and remanded.