## John H. Bowers v. John Chaney and Others.

A person who has no interest to be affected by the litigation, and whom it is sought to bind by no judgment, is not a necessary party to the suit.

If a judgment be void, a sale under it confers no rights upon the purchaser; but if merely erroneous, it cannot be impeached collaterally, and the purchaser of property sold under it acquires a good title.

It is irregular and erroneous upon the filing of the affidavit and the bond to issue a writ of attachment before the filing of the petition. But upon the filing of the petition, the Court is not without jurisdiction and power to hear and determine the case, and its judgment is not by reason of such irregularity void.

Error from Lavaca. Tried below before Hon. F. Jones.

Suit for 1000 acres of land. Plaintiff filed his petition in April, 18 54, setting up title in himself to the land. The defendants answered and asserted title in themselves by sales made under and by virtue of a judgment in attachment obtaine d by Willie Cummings against the plaintiff, by which they became the owners and entered into the possession of said land. On the 11th April, 1856, plaintiff filed an amended petition averring that said judgment, and the sale made under the same were void, because he, the plaintiff, was never cited by process or in any other manner known to the law, and in no manner made a party to the suit ; and that said judgment, if ever rendered against him, it was so done fraudulently, by combination between Asa M. Lewis and R. H. Tobin, who was then the Sheriff of Colorado county ; and that the attachment, execution, levy, sale, and deeds to the present defendants, were parts of said fraudulent combination, and prayed that said Asa M. Lewis might be made a party, &c., which was refused. In an amended answer the defendant set up the Statute of Limitations.

On the trial, the plaintiff read in evidence a patent from the State to Willie Cummings, and a bond for title from him, (Cummings,) to the plaintiff, for the land in controversy.

The defendants offered in evidence the record of the judgment in attachment against the plaintiff, in favor of Willie Cummings, from the District Court of Colorado county, and the execution, levy and sale under the same, and mesne conveynace to themselves, to the introduction of which the plaintiff objected, and the Court overruled his objection. To this ruling the plaintiff filed the following bill of exceptions :

1st. Because it appears from said transcript, that in said suit the said Bowers had never been cited, and had never been made a party thereto ; and that he never appeared therein either in person or by attorney.

2nd. Because at the date of the filing of the affidavit and bond in attachment, and at the date of the issuance of the writ of attachment, and at the date of its levy, there was no law in existence authorizing such levy on the real estate of a debtor, unless such debtor was a non-resident of the Republic.

3rd. Because it appears from said transcript that the affidavit and bond were filed in the office of the District Court of Colorado county, and the writ of attachment issued and levy made before any petition was filed in said office.

4th. Because it appears from said transcript that no personal service was had on Bowers, and that judgment by default was rendered at the first Term of Court after the institution of the suit.

5th. Because the said suit purports to be a proceeding *in rem*, and judgment by default is rendered against the person, and execution ordered *to issue*.

6th. Because it appears from said transcript that judgment by default was rendered against Bowers, without service of any citation or by publication.

There were other exceptions filed which, however, are not necessary to a proper understanding of the Opinion.

The Court charged favorably to the defendants, and there was a verdict and judgment accordingly.

*Jno. H. Robson* and *Ballinger & Jack* for plaintiff in error.
I. The Court erred in refusing to permit the plaintiff to make A. M. Lewis a party to the suit. (13 Tex. R,, p. 338, 349.)

II. The judgment under which the defendants claim was a nullity, because there was no citation or service on Bowers.

The Act of 1841, requiring publication to be made in attachment suits, was passed on the 4th day of February, 1841, more than two months before the rendition of the judgment by default. (Acts 4th Cong. p. 187.)

In attachment suits citation must be served in some of the modes pointed out by law. (Dallam, p. 386.)

No one is bound by any decree or judgment unless he has become a party thereto by some of the modes known to the law. (9 Tex. R., p. 353.)

There was no attachment law in force at the date of the institution of the suit of " Cummings v. Bowers," except the law of 1839, and that law has reference only to personal property. (See Laws 3rd Congress, p 89, 97.)

Even if the attachment law of 1839 had reference to real property, the process is a nullity, because the writ of attachment, affidavit and bond were filed and acted on four months before the filing of the petition. (Fowler v. Poor, Dallam, 401.) See also Sec. 8, of the Act of 1836, " establishing the power and jurisdiction of the District Courts." (1 Tex. R., p. 20 ; 4 Id. p. 251.)

The affidavit in attachment is not subscribed by the affiant, which was necessary under the law. (Laws 3rd Cong. p. 89, Sec. 3.

Where an affidavit in attachment is null and void, all the

other proceedings are a nullity. (Chambers v. Sydnor, Dallam, 601.)

The objection of nullity when apparent on the record may be taken by any person and at any time. (9 Tex. R., p. 353.)

The remedy by attachment is subject to rigid rules of construction, and all the incidents pertaining to it must be strictly complied with. (1 Tex. R., p. 17 ; 2 Id. 239 ; 6 Id. 189, 315 ; Dallam, p. 601, 528.)

The judgment by default is a nullity, because it was rendered at the first Term of the Court, and could only be rendered at the second Term, there having been no personal service. (Laws 4th Cong., p. 88, Sec. 8, approved 5th February, 1840.)

The judgment by default is against the person instead of against the property of the defendant. (Cloud v. Smith, 1 Tex. R., p. 618.)

III. The execution is a nullity, for that can only issue after citation to the person. (Cloud v. Smith, 1 Tex. R. 618.)

An execution which is void may be objected to by any person whose interests are affected by it. (Bennet and Wife v. Gamble, 1 Tex. R., 124.

IV. There is no appraisement attached to the execution, and no legal appraisement. (Hart. Dig., Art. 1312, 1313 ; Howard v. North, 5 Tex. R.)

V. The levy is insufficient.

The position of appellees that the petition is to be presumed to have been filed contemporaneously with the affidavit for attachment, and that the endorsement of the time of filing by the Clerk is to be disregarded, is manifestly incorrect.

1st. It was the duty of the Clerk to endorse the date of filing the petition. Even if it be true that the Statutes had not been so special in their directions as to provide expressly for this duty, it was so evidently a part of his duty to preserve the record and proceedings of the Court as to have been equally obligatory without the Statute.

To "file a petition *ex in termini* means not only to put it

among the papers in the Court, but to mark it with the evidence, date, &c., thereof."

Burrill's Law Dictionary says : Filing "is effected by delivering the paper to the Clerk of the Court in which the action is pending, who marks it ' filed,' adding the date, and deposits it under the proper head among the papers or files in his office.

And this is clearly the view of this Court. (Wooster v. McGee, 1 Texas, 20.) See brief of counsel, p. 18, showing that the filing was under Laws 1st Congress.

But the petition contains internal evidence that it was filed subsequently to the issuance of the attachment. It purports to be a " petition on attachment," (p. 54,) and its entire style is that the Court has already jurisdiction of the proceeding and of the party.

Besides, an entire transcript of the record is proved, and it contains no evidence of a citation.

In the absence of proof of loss, or something to give rise to the belief that a citation was issued, it is to be taken that the record is complete.


WHEELER, J. It is not perceived that there was any necessity to make Lewis a party to the suit, or that the plaintiff can have sustained any injury by the refusal of the Court to permit him to be made a party. He had no interest to be affected by the litigation, nor was any judgment or recovery sought against, or in any manner to bind him.

The material question in the case is whether the judgment in the attachment suit was void for the want of jurisdiction or power in the Court to render it, or was only erroneous. If the former, it can afford no protection to the purchaser under it ; but if the latter, it cannot be impeached collaterally in this action, and the purchaser of the property sold under it, acquired a good title.

The cases cited by the appellant's counsel to establish the nullity of the judgment were cases in which the question was, not whether the judgment was null, but only whether it was erroneous. They were cases determined upon appeal or writ of error from the judgment, and not where it was brought in question in a collateral action. (Fowler v. Poor, Dallam 401; Wooster v. McGee, 1 Tex. R. 17; Cordova v. Priestly, 4 Id. 250.) Under these decisions the judgment in question must have been adjudged erroneous and would have been reversed on appeal; but they are not authority for treating it as null, when brought in question in a collateral action. No such question was before the Court in those cases; and the observations of the Court are to be understood in reference to the question under consideration. It was irregular and erroneous to file the affidavit and bond, and issue the writ before the filing of the petition. But we are of opinion that upon the filing of the petition, the Court was not without jurisdiction and power to hear and determine the case, and consequently that its judgment was not, by reason of the irregularity, void. There was a case in Court upon which the jurisdiction attached. It is objected that there was not personal service, but service only of the attachment. But there was no law at the time which required personal service in cases of attachment. The case most nearly in point to the present, decided by this Court, is Sutherland v. De Leon, (1 Tex. R., 250.) There was no personal service; judgment was rendered, and execution was levied on the land, as in the present case; and the title of the purchaser was sustained. It was said that prior to the Act of 1841, the proceeding by attachment was strictly *in rem;* personal service or notice by publication was unnecessary; the judgment, although without effect *in personam,* had effect and was binding upon the property attached; the affidavit was all that was necessary to authorize the issuing of the attachment; upon the return of the levy the jurisdiction of the Court over the property attached, and the judgment,

until reversed, bound the property, and could not be questioned in a collateral action. (Ibid. 301, 307, 308, *et seq.*) That was an attachment issued under the Act of the 18th of December, 1837 ; but as respects the principles of the decision to which we have adverted, the case did not differ materially from the present, which was under the Act of the 28th of January, 1839. The only point of difference as respects the law applicable to the cases, which requires especial notice, is that prior to the rendition of judgment in the present case, the Act of the 4th of February, 1841, providing for the publication of notice was in force. (Acts of 5th Congress, p. 187.) The Act, however, did not provide for the issuance of any process from the Court to authorize the publication of notice; but required the Clerk, or the plaintiff or his attorney, to cause notice of the proceeding to be published in some newspaper (Sec. 2.) As no process was provided, there could be no return showing the fact of publication, but it must be proved, as any other matter of fact in the case, by the production of the notice or the testimony of a witness to the fact of publication. The evidence was not required to be taken down or noted in the proceedings. And in the absence of anything appearing to the contrary, the presumption in favor of the judgment must be that the Court did its duty, and required evidence of the notice having been published, before proceeding to render the judgment.

We therefore conclude that the judgment, though erroneous, was not to be deemed null, as if rendered by a Court without competent authority, or power to proceed to judgment in the case ; but when brought in question collaterally it was to be deemed valid as a judgment *in rem* ; and consequently that the Court did not err in holding the title acquired by the purchaser of the property attached, valid and effectual to defeat the plaintiff's action. The judgment is therefore affirmed.

Judgment affirmed.