**KNIOUM et al. v. SLATTERY et al.**

No. 12270.

Court of Civil Appeals of Texas.
San Antonio.

May 2, 1951.

Rehearing Denied May 23, 1951.

King & Nesbitt, Fischer, Wood, Burney & Glass, Corpus Christi, for appellants.

James B. Hubbard, George T. Hubbard, W. O. Slattery, Corpus Christi, for appellees.

NORVELL, Justice.

This cause purports to be a class action brought under Rule 42, R.C.P. W. O. Slattery sued to annul certain restrictive covenants applicable to the Ebony Acres addition to Corpus Christi, Texas. He is appellee here, but will be referred to as plaintiff in this opinion, in accordance with his position in the trial court. Slattery designated only two defendants by name in his petition, A. H. Vinson and Louis Michelson. These parties will be referred to as the "named defendants." W. R. Knioum and others, although not named in the petition, filed answers and will be referred to as the "intervening defendants" or appellants. The parties last mentioned did not purport to represent a class or any other persons than themselves. None of them was a party to the dedication of the original subdividers of the addition which contained a statement of the restrictions affecting the property.

The intervening defendants made two motions to dismiss this suit, and after a verdict was returned made a motion for judgment non obstante veredicto. In all three motions they contended that no valid judgment could be rendered upon the theory of virtual representation, for the reason that the named defendants in the suit were not fairly representative of the various classes affected by the litigation.

Rule 42 provides that: "If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, *as will fairly insure the adequate representation of all may,* on behalf of all, sue or be sued," under designated circumstances.

In addition to the named defendants, the judgment rendered designates as parties thereto and bound thereby, "all other owners in that addition known as Ebony Acres, an addition to Corpus Christi, Texas, * * * and all persons holding liens on any of the property in said Ebony Acres." The judgment recites that "all of said parties (unnamed owners and lienholders) have been joined herein according to law in a class suit, because it would be impractical if not impossible to serve such a great many defendants with citations," and "that each and all of said (unnamed) defendants are interested in this litigation." By the judgment it was decreed that all of the restrictions affecting the Ebony Hills addition, as set forth by the original subdividers, Moïse Weil, Alex Weil and Joe L. Weil, in an instrument dated August 21, 1939, recorded in Vol. 250, page 110, of the Deed Records of Nueces County, Texas, had been abandoned by the owners of land in the addition and were null and void and of no further force and effect.

It is clear that the relief granted by the judgment was an annulment of the restrictive covenants adopted by the original subdividers as against *all persons* owning or holding any interest in and to property situated in the Ebony Hills addition. The judgment was one which could only be rendered in a class action. Its validity is therefore controlled by the sufficiency of the suit as a class action.

■■ Generally, only parties and privies are bound by judgments. There is a seeming exception to this rule which recognizes that a person may be bound by a judgment under the theory of virtual representation. The procedure for suits based upon this principle is set forth in Rule No. 42 which requires that "such of them (members of the class affected), one or more, as will fairly insure the adequate representation of all" may be sued.

In discussing classes of persons who might be affected by a suit involving a restrictive covenant, the Supreme Court of the United States in Hansberry v. Lee, 311 U.S. 32, 61 S.Ct. 115, 119, 85 L.Ed 22, 132 A.L.R. 741, said: "The restrictive agreement did not purport to create a joint obligation or liability. If valid and effective its promises were the several obligations of the signers and those claiming under them. The promises ran severally to every other signer. It is plain that in such circumstances all those alleged to be bound by the agreement would not constitute a single

class in any litigation brought to enforce it. Those who sought to secure its benefits by enforcing it could not be said to be in the same class with or represent those whose interest was in resisting performance, for the agreement by its terms imposes obligations and confers rights on the owner of each plot of land who signs it. If those who thus seek to secure the benefits of the agreement were rightly regarded by the state Supreme Court as constituting a class, it is evident that those signers or their successors who are interested in challenging the validity of the agreement and resisting its performance are not of the same class in the sense that their interests are identical so that any group who had elected to enforce rights conferred by the agreement could be said to be acting in the interest of any others who were free to deny its obligation."

Based upon the statement above quoted, appellants point out that the following classes are involved in the present suit:

"(1) The class of lot owners that wanted the restrictions removed.

"(2) The class of lot owners that did not want the restrictions removed.

"(3) The lienholders on said lots:

"(a) Those who wanted the restrictions removed.

"(b) Those who did not want the restrictions removed.

"(4) The owners of business lots in the subdivision:

"(a) Those who wanted the restrictions removed.

"(b) Those who did not want the restrictions removed.

"(5) Other parties at interest would be the original subdividers."

In the present suit, the rights of all classes or categories of interested persons were sought to be affected and determined by suing two named defendants as the representatives of all. Plaintiff's petition complains of "A. H. Vinson and Louis Michelson, both of whom reside in Nueces County, Texas, and all other owners in that addition known as Ebony Acres."

Vinson and Michelson did not employ an attorney, but filed the following answer, which they signed personally (along with two other persons not named in the petition):

"A. H. Vinson, Louis Michelsen, Sam Ferris, and L. M. Hatmaker, defendants herein, and say:

"That if the court should find that the restrictions on any of the Lots in Ebony Acres should be removed, then these defendants show that they are the owners of Lots Five (5), Six (6), Fifteen (15), Fifty-two (52), and Fifty-four (54) in said addition and the restrictions should be removed from said Lots of which they pray judgment of the court."

This answer does not controvert the allegations of the petition.

Vinson was called to the stand as an adverse witness by plaintiff. It was developed that plaintiff discussed the filing of the suit with Vinson before the same was filed and that plaintiff prepared the answer which Vinson signed. Vinson testified that he did not care who won the lawsuit, except that if plaintiff got his property relieved from the restrictions, he wanted said restrictions removed as to his property. Michelson testified that he would like to have the restrictions removed.

The plaintiff testified that he talked the matter over with Vinson and Michelson before the suit was filed; that he knew they opposed the restrictions and that he (the plaintiff) prepared the answer which was filed by the named defendants.

After plaintiff had given the testimony above outlined, the intervening defendants made their first motion to dismiss upon the ground that the provisions of Rule 42, relating to representative parties, had not been complied with, as the plaintiff had not named defendants who were representative of the class or classes of owners and lienholders affected. It was also asserted that there was a defect of parties in that the original subdividers of the addition had not been made parties to the suit. This motion was overruled. Further evidence was heard, but nothing developed which would

alter the legal situation insofar as "parties" were concerned.

In his brief, plaintiff suggests no grounds or argument supporting the trial court's ruling. In an answer to the intervening defendants' motion for judgment non obstante veredicto, it was contended that "about fifty lot owners in the entire addition had ample notice by word of mouth and newspaper articles of the pendence of this suit which was tried for several weeks, and about 30 lot owners who were not witnesses were in the courtroom from time to time during the trial."

As we view it, Rule 42 provides for an exceptional procedure whereby a plaintiff or defendant may secure relief in certain specified cases by invoking the principle of virtual representation. However, in order to do so, he must conform with the provisions of the rule. A plaintiff must name such defendants as will insure adequate representation on behalf of all who are sued. This requirement is obviously not met by naming two persons as defendants who agree with the plaintiff's position in the litigation and who contest none of the allegations of the petition. Defendants friendly to plaintiff cannot agree on behalf of the class they supposedly represent that the plaintiff is correct, and thus waive the rights and claims of the class. City of Houston v. Mann, 139 Tex. 640, 164 S.W.2d 548. Nor can the requirements of the rule be satisfied by newspaper publicity or word of mouth notoriety. A member of a class, although not an actual party to the suit, can be bound only when true representatives of his class are made parties so that he may receive adequate representation. Matthews v. Landowners Oil Association, Tex.Civ. App., 204 S.W.2d 647; 1 McDonald, Texas Civil Practice 277, § 334, Class Actions.

We think it obvious that the requirements of Rule 42 were not complied with in this case. The two named defendants who agreed with plaintiff are not truly representative of a class of owners who are opposed to plaintiff.

The original declaration of the restrictions affecting the addition contained the following provisions:

"All of the limitations and restrictions contained herein shall extend to and include the heirs, assigns, devisees, lessees and holders of every kind, of and under all who may purchase or acquire any real property in said revised addition from the said Moise Weil, Alex Weil and Joe L. Weil, or their successors or assigns.

"And the said Moise Weil, Alex Weil and Joe L. Weil do hereby expressly retain and reserve in every part, parcel, lot and block of said Revised Addition of Ebony Acres a proprietary right to the enforcement of the observance of all limitations and restrictions hereinafter set forth.

"(1) That all of the lots shown on the Revised Plat of Ebony Acres shall be used for private residence purposes Only, Except that specifically designated and set aside for business purposes (which may be used for either residence or business purposes) and the further exceptions hereinafter specifically set forth."

Although the original subdividers asserted a contract proprietary right to the enforcement of the restrictions, neither they nor their successors in interest were made parties to this suit. It would seem that there exists a want of necessary parties. In Veal v. Thomason, 138 Tex, 341, 159 S.W.2d 472, 477, the Supreme Court said:

"'It has many times been held by the courts of this State that those who are necessary parties to a suit are such persons as have or claim a direct interest in the object and subject matter of the suit and whose interests will necessarily be affected by any judgment that may be rendered therein. Such persons are not only proper parties but are necessary and indispensable parties, plaintiff or defendant. Cook v. Pollard, 70 Tex. 723, 8 S.W. 512; Fischer v. Rio Tire Co., Tex.Com.App., 65 S.W.2d 751, 757.'

"Measured by the above rule, which no party to this appeal finds any fault with, the royalty owners under the other lease contracts in this unitized block are necessary parties to this suit. There is no escape from this conclusion, because Thomason seeks in this action to obtain a judgment freeing this land from the Texas

Company lease, and if this is done by judgment which names such Company only, the royalty owners under the other leases in this unitized block will have had such royalty interest in this land, for all practical purposes, cut off and destroyed without having had their day in court."

Certainly, it cannot be contended that the original subdividers were virtually represented by either the named defendants, nor the intervening defendants, for that matter.

We hold that the trial court abused the discretion vested in it by law in holding that the named defendants were representative of the classes of persons affected by this suit.

For the reason stated, the judgment appealed from is reversed and the cause remanded.