MEYER et al.

v.

WICHITA COUNTY WATER IMP. DISTS.

NOS. 1 AND 2 et al.

No. 15482.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 12, 1954.

Rehearing Denied March 12, 1954.

W. W. Ballard, Wichita Falls, for appellants.

Charles M. Crowell, Irvin J. Vogel, Wichita Falls, for appellees E. F. Moore and R. D. Kirk.

MASSEY, Chief Justice.

From a summary judgment in behalf of defendants E. F. Moore and R. D. Kirk, individually and as representatives of a class of persons, denying the plaintiffs' suit as against them and in effect dismissing the plaintiffs' action, at least in so far as it obtained against them as defendants thereto, the plaintiffs, Lester Meyer, et al., individually and as representatives of a class of persons appealed.

Judgment reversed and remanded.

In order to understand the matter involved in this case, reference must be made to the issues of a former cause disposed of by a judgment in the trial court on August 4th, 1951. In that cause, docketed as No. 48,463-A and styled E. F. Moore, et al. v. Wichita County Water Improvement Districts Nos. One and Two, et al., E. F. Moore and R. D. Kirk, individually and as a class representing all of the property owners of certain lands, were plaintiffs and the Water Improvement Districts were defendants. By the judgment entered it was decreed that the plaintiffs and the persons of the class represented were entitled to have delivered to them for irrigation purposes certain waters from Lake Wichita. The obligation to make such delivery was adjudged as against the Water Improvement Districts, and the lands to which the Districts were obligated to so deliver the waters were designated. The judgment further adjudged the entitlement by way of fee or toll the Water Improvement Districts should have from the owners of said land "for making water from Lake Wichita accessible for irrigation purposes through the presently existing canals, the lands contiguous and adjacent to such canals, laterals and ditches of the old irrigation system". The fee or toll was decreed to be, $2 per acre per year based upon the acreage of the lands set out.

This present suit was filed by Lester Meyer et al., individually and as representatives of a class, on December 6, 1951, four months and two days subsequent to the entry of the judgment in Cause No. 48,463-A. No appeal was ever perfected from the former judgment. The substance of the pleadings of the parties in that for-

mer case was set forth in the pleadings of Lester Meyer et al. These pleadings, verbatim as filed in the former action, have been included in the transcript. The judgment of the trial court in Cause No. 48,463–A was made a part of the pleadings in the present suit. Said judgment incorporated by reference certain lands as being those affected by it, and to which waters for irrigation purposes must be made available, and as to the owners of which the obligation to pay fees or tolls are incumbent. Lester Meyer et al. are owners of some of the lands to which said judgment relates. They claim by their suit, however, that their interests are not now common with the interests of other owners of lands to which the judgment relates, nor were they at time of the judgment, in that they do not and did not desire the waters the Water Improvement Districts became obligated to furnish to them by virtue of the judgment in Cause No. 48,463–A. They claim further that the defendants Moore and Kirk had no authority to represent them in said suit, that they did not in fact represent them, and that though they were necessary parties to said suit they were never served or notified of the suit.

Obviously the suit in Cause No. 48,463–A was brought as a class action under the provisions of Texas Rule of Civil Procedure No. 42. Reference to that rule and to the pleadings reveals that all the owners of the land affected by the judgment in such cause would presumptively fall within the same class. The lands were embodied within an area susceptible to irrigation from Lake Wichita and obligations were fixed by the judgment which created the obligation on the part of the Water Improvement Districts to make available the water wherewith to irrigate such lands, and correspondingly established the obligation upon the owners of the lands to pay the Districts for making the water available.

Understandingly there are almost certainly some owners who have no need or desire for water in every area susceptible of irrigation and those landowners do not feel any moral obligation to pay out money merely because water is made available to them. The question in our case is whether such persons are truly within the class of persons comprising all the owners of all the lands within the area affected by the judgment or whether they are in a separate class from that inclusive of those who do want water for irrigation purposes. The interests of the latter group of persons undoubtedly were truly represented in the class action No. 48,463–A. Are those who neither want the water nor desire to become obligated to pay for its availability an exception—coming without the class—merely because of their position on the matter? Under the authority of Knioum v. Slattery, Tex.Civ.App., San Antonio, 1951, 239 S.W.2d 865, writ refused, and the Federal authority discussed therein, Hansberry v. Lee, 311 U.S. 32, 61 S.Ct. 115, 119, 85 L.Ed. 22, 132 A.L.R. 741, we believe that there is a distinction, and that such persons comprise a separate class in so far as a class action pursuant to T.R.C.P. 42 might be brought by the members of one group purportedly for both groups as one class of persons.

Generally, only parties and privies are bound by judgments. There is a seeming exception to this rule which recognizes that a person may be bound by a judgment under the theory of virtual representation. However, for the exception to apply, as in the case of a class suit, such a person is to be bound only where the representative parties actually participating in the suit as such are either prosecuting or defending rights or interests so substantially identical to those of such person as insure his adequate representation therein. Knioum v. Slattery, supra. In view thereof, if the allegations of the plaintiffs' petition in this regard should be established, the plaintiffs in the instant action were not bound by the judgment of the trial court in Cause No. 48,463–A.

The plaintiffs sought by their pleadings to set aside the judgment in Cause No. 48,463–A, at least in so far as the same might be held to pertain to them,

and additionally to litigate a question of injunction. The injunction they seek is one against Moore and Kirk et al. from interfering with their property and their use and enjoyment thereof, and further, and as against the Water Improvement Districts to enjoin said Districts from using the flumes, canals, and laterals under or on their property for irrigation or other purposes. In the nature of an alternative the same remedy is sought against the Districts for such time as might be necessary until the Districts should repair the flumes, canals, ditches and laterals to such extent that they would not leak and overflow water on plaintiffs' properties. It was alleged that the flumes, canals and laterals were in such condition that the leakage and overflow was occurring and would continue to occur as result of the use thereof by the Districts in making available the irrigation water to Moore and Kirk et al. It is to be noted that the form of the injunction sought is prohibitory and in view of this Moore and Kirk et al. are necessary parties to the suit against the Districts, since their irrigation water would be diminished if not eliminated should the plaintiffs be found entitled to the relief they seek.

■ Such was the state of the plaintiffs' pleadings on March 17, 1953. Exceptions were filed to these pleadings by Moore and Kirk et al., and upon a hearing they were sustained on April 8, 1953. The effect of the action of the court in sustaining the exceptions served to strike the pleadings of the plaintiffs, leaving the plaintiffs with no cause of action plead, at least in so far as they pertained against Moore and Kirk et al. After this action by the court the plaintiffs did not replead. In our opinion the effect which has resulted was the same as had a general demurrer been sustained to a plaintiff's petition in the days of practice when such was proper. The plaintiffs were left without pleadings (at least as against Moore and Kirk et al.) though the court still had jurisdiction of all the parties. The plaintiffs had only one right remaining, that being a right to amend. Moore and Kirk

et al. had only one right, that being a right to have the cause dismissed as to them upon failure or refusal of the plaintiffs to amend. There is no authority for the entry of a summary judgment for a defending party, who is without pleadings of his own, where there are no pleadings of the claimant. Where the claimant's pleadings are stricken, there are no pleadings upon which a summary judgment for a defendant may be based. Moore and Kirk et al. filed a motion for summary judgment, notices were served and hearing was had thereon on May 19, 1953. Judgment was entered on May 21, 1953, granting the summary judgment, in effect dismissing the suit in so far as it pertained to Moore and Kirk et al., if not purporting to adjudicate all the asserted rights of the plaintiffs.

From the final order granting Moore and Kirk et al. the summary judgment the plaintiffs appealed.

Under T.R.C.P. 166–A, section (b), a certain privilege is conferred upon a defending party in a suit *whereby a claim is asserted against him* by a party. He may move for a summary judgment in his favor as to all or any part of the claim so asserted. Under our adversary system of practice a claim asserted by one litigant against another in a court of record must be by way of a written pleading. It follows that in order for the remedy of summary judgment to be available to a defendant there must be written pleadings of record and before the court upon which the party claimant takes the position that he has therein asserted a claim against such defendant. Recognition must be given to the written pleadings by way of which the position is taken. Since upon a hearing of a motion for summary judgment in such a case the court must give the party claimant the benefit of every reasonable inference which properly can be drawn in favor of his position, McDonald, Texas Civil Practice, Vol. 4, Sec. 17.26, p. 1394, and authorities there cited; Gulbenkian v. Penn, Tex.Sup., 1952, 252 S.W. 2d 929, there must of necessity be given the party claimant the benefit of every rea-

sonable inference which properly could be drawn from his written pleadings.

■ Since the underlying purpose of Rule 166–A was the elimination of patently unmeritorious claims or untenable defenses, not being intended to deprive litigants of their right to a full hearing on the merits of any real issue of fact, Gulbenkian v. Penn, supra, it necessarily follows that in a case where a defending party moves for a summary judgment against a party claimant he acknowledges the existence of primary pleadings, plus supplements thereof if any, of the party claimant, and he further acknowledges that such pleadings are such as upon which the party claimant contends a meritorious claim against him is made. He cannot file exceptions to the pleadings of the party claimant and upon securing favorable rulings of a trial court sustaining the exceptions move for a summary judgment upon the hearing of which the claimant party's pleadings in so far as they were stricken upon exception may be disregarded.

■ In the present instance the exceptions of Moore and Kirk et al. were sustained and the plaintiffs' pleadings were stricken, at least in so far as they pertained to the parties who made the exceptions. The plaintiffs did not replead. It is obvious from the record before us that Moore and Kirk et al. grounded their motion for summary judgment solely upon the pleadings of the plaintiffs as they existed prior to the entry of the order sustaining their exceptions to such pleadings. It has been held that where the motion relies upon the pleadings of the adverse party alone, it partakes somewhat of the office of a general demurrer. Otherwise, its office is to "pierce the pleadings" and ascertain if there are material issues of fact supporting the plaintiff's allegations or the defendant's defense, as the case may be. Statham v. City of Tyler, Tex.Civ. App.Texarkana, 1953, 257 S.W.2d 742, writ refused, n. r. e.; Jones v. Willoughby, Tex.Civ.App.El Paso, 1951, 245 S.W.2d 341, reversed on other grounds; and the analysis in Justice McGill's dissenting opinion on page 349. In this case special exceptions, operating at least as effectively as general demurrers ever did, had theretofore been sustained. A final order or judgment in the form of a summary judgment was entered after the motion was heard. Regarding substance rather than form we are of the opinion that the trial court necessarily reinstated the pleadings of the plaintiffs for all purposes connected with the summary judgment proceeding, though no order appears in the transcript vacating the order sustaining the exceptions. If we do not so hold then we are of necessity confronted with the duty to decide whether the action of the trial court in entering the summary judgment did a wholly vain thing or whether he in fact entered an order of dismissal because of the plaintiffs' failure or refusal to amend or replead.

Should we hold that a summary judgment was improperly entered because there were no pleadings of the plaintiffs before the court premising a claim on their part that a meritorious cause of action against Moore and Kirk et al. was thereby asserted, we would hold that we were powerless under the record to adjudicate the real controversy which plainly exists. Should we hold that the summary judgment was in fact an order of dismissal because of the failure or refusal of the plaintiffs to amend or replead we would actually be called upon to decide the same thing that we do decide, to wit: whether the pleadings of the plaintiffs stated a meritorious claim against Moore and Kirk et al. This is true in this instance however, only because there were no supporting exhibits to the motion for summary judgment, and no evidence of any kind considered upon the hearing. Had there been such they would be necessary of consideration if it was a summary judgment which viewed from a procedural standpoint alone would be properly entered, but of no consideration if it was actually an order of dismissal. Of course, in so far as there was a "piercing of the plaintiffs' petition" to determine if there were material issues of fact supporting its allegations, which we must presume

there were, we could not in the absence of any evidence by Moore and Kirk et al. hold that they discharged the burden upon them on their motion for summary judgment.

From what we have already stated, the pleadings of the plaintiffs alleged facts which if true would demonstrate that they were not bound by the judgment in Cause No. 48,463–A. This being true the requisites incumbent upon a party bound by a judgment to obtain a review thereof (in the equitable proceeding of Bill of Review) do not apply. One not party to a suit is not bound by the judgment entered upon it and has the option of vacating it by direct proceedings or else to treat it as void in any collateral proceeding where rights might be asserted against him by reason of the same. Parker v. Spencer, 1884, 61 Tex. 155. The pleadings further alleged a cause of action for injunctive relief and presented issues the plaintiffs were entitled to have litigated.

Judgment of the trial court is reversed and remanded.