**W. M. LEWRIGHT, Cecil D. Redford, Dwight Carlsen, Dr. R. V. St. John and Ernest T. Fontaine, Appellants,**

v.

**Liston MANNING, Appellee.**

**No. 84.**

Court of Civil Appeals of Texas.

Corpus Christi.

June 17, 1965.

Rehearing Denied July 13, 1965.

John A. Waller, Corpus Christi, for appellants.

Oscar A. Spitz, Corpus Christi, for appellee.

NYE, Justice.

Appellants filed suit in the nature of a declaratory judgment action against appellee alleging that a judgment amending a certain deed restriction entered over two years prior thereto was void on its face as not being a true and proper class action. Appellee's motion for summary judgment was granted by the trial judge decreeing that appellants take nothing by their suit. Appellants have perfected their appeal to this Court.

The prior action was brought by plaintiffs Hardwicke and Calaway in the nature of a class action as provided by Rule 42, Texas Rules of Civil Procedure, against defendants Joslin, Bickley and Allen, who owned property in the subdivision and two named saving and loan associations as mortgagees of property owners in this subdivision. In January, 1961, in Cause Number 72017–C, hereinafter called prior cause or prior judgment, a judgment in the district court of Nueces County, Texas, was entered, amending the deed restriction on a certain parcel of land (being a residential lot) in the subdivision, from a single-family residence use to a multi-family or apartment use. At the time of the suit Hardwicke was the owner of the parcel of land and Calaway was contractually interested therein. Thereafter, the title to the land was conveyed to Manning, the appellee here. In April, 1963, appellants, all property owners in the same subdivision, filed suit against Manning, appellee, praying for a declaratory judgment whether or not their rights as persons owning residential tracts in Bessar Park Addition and who were opposed to the removal of the restriction from Manning's land, were adjudicated in the prior cause.

Appellants complain of the judgment in the prior cause, alleging that such judgment was *void on its face* as not being a true and proper class action for the reasons (1) that the suit did not include defendants who were representative of all classes in Bessar Park Addition, (2) that the suit included too few defendants to constitute a group representative of all of the classes in Bessar Park Addition, (3) that the judgment did not contain therein a finding that, in law, constituted a legal ground for removal of deed restrictions, and (4) that the law suit constituted a legal fraud in that it was not an adversary proceeding but was a friendly suit between the parties to the suit.

Additionally, plaintiffs pleaded that such judgment in the prior cause is a nullity as to appellants, because it did not have as defendants, persons representative of the class of persons to which appellants belong, alleging: (1) that at the time of the institution of the prior cause appellants constituted the class of persons in Bessar Park opposed to the removal of the deed restriction in question; (2) that none of the appellants had knowledge of the institution of the suit or existence thereof prior to entry of judgment, and did not learn about the judgment until long after its rendition; (3) that in addition to appellants there were other persons owning residential property in

Bessar Park Addition opposed to the removal of the deed restrictions in question, and that said persons constituted a part of the class who were not represented in the prior cause; (4) that none of the named defendants in the prior cause had any authority to or permission from appellants to represent them; (5) that in fact the named defendants Bickley, Joslin and Allen, in the prior cause were unopposed to the allegations of the plaintiffs in said suit and were actually representatives solely of the class of persons owning residential lots in Bessar Park Addition who were not opposed to the removal of the deed restriction on the property in question; and (6) that the interests of defendants Bickley, Joslin and Allen in the prior cause were not in any way common with the class of persons in Bessar Park Addition opposed to removal of the deed restrictions from the land in question.

Appellants' two points on appeal are: that the trial court erred in decreeing that appellants were not entited to a trial of their petition for declaratory judgment to the effect that their rights were not adjudicated in the prior judgment because the prior judgment is clearly ambiguous on its face, as a matter of law, as to the classes in Bessar Park Addition whose rights were adjudicated therein. Point two: the trial court erred in granting the summary judgment on the grounds that the prior judgment was a proper class action and not subject to collateral attack by appellants because the prior judgment could not have obtained jurisdiction over appellants where none of the defendants in that prior suit represented the class of persons to which appellants belong.

■ At the outset it must be clearly understood that the appellants do not claim that the judgment entered by the district judge in the prior cause was erroneous. This type of complaint could only be made in a direct attack on the judgment by way of appeal, writ of error, or bill of review. Before a litigant can successfully invoke the equitable proceeding in the nature of a bill of review he must join as parties in the attack all those who were parties to the judgment, and he must allege and prove (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, and (3) unmixed with any fault or negligence of his own. See Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996, Sup.Ct.1950; Pure Oil Co. v. Reece, 124 Tex. 476, 78 S.W.2d 932, Sup.Ct.1935, 41 Texas Law Review, page 179.

An examination of appellants' petition and the contentions and complaints set forth in this suit are those which would, for the most part, be considered in a direct attack in the nature of a bill of review.

■ The grounds upon which a collateral attack is made upon a judgment in the ordinary class of situations are where the court which rendered the judgment has (1) no jurisdiction of the person or the party or his property, (2) no jurisdiction of the subject matter of the suit, (3) no jurisdiction to enter the particular judgment rendered or (4) no capacity to act as a court. There are some affirmative defenses to the collateral attack even when one of the foregoing grounds are established, such as estoppel, res judicata, or that part of a judgment is valid although another is void. 41 Texas Law Review, pp. 161–198 and pp. 499–544; Gus M. Hodges "Collateral Attacks on Judgments". We are not concerned with (2) through (4) above, or any affirmative defenses.

■ A distinction must be made between a direct and collateral attack on the judgment. The former may be based on any error which probably caused a wrong judgment and such error may be shown by almost any relevant evidence. The collateral attack may assert only grounds which would show the court rendering the prior judgment to be without jurisdiction, and such grounds may be proved only by the record in the proceeding leading to the prior

judgment. 41 Texas Law Review; Collateral Attacks on Judgments, supra.

Appellants failed to join any of the parties to the prior suit in the present case. They contend on appeal that the court that rendered the prior judgment had no jurisdiction of the appellants and therefore the judgment is void as to them. There is no doubt that appellants' present suit is a collateral attack on the prior judgment.

The issue then, narrows down to a determination of the validity and integrity of the prior judgment when attacked collaterally. The question is: Can parties in a collateral attack test the recitals in a prior judgment to determine whether members of the classes recited, represented the class of persons to which the attacking parties belong?

■ The chief distinction between a void judgment and a valid one, is the absence of jurisdiction in the court that rendered the judgment. If the court lacked jurisdiction the judgment is void. If it had jurisdiction, the judgment may be voidable, but it cannot be void. 34 Tex.Jur.2d § 265, and cases cited therein. Inasmuch as it is only void judgments that can be successfully attacked in collateral proceedings, it is evident that we must consider the judgment itself to determine if the court obtained jurisdiction of the appellants in the prior judgment. 34 Tex.Jur.2d § 260; Bowers v. Chaney, 21 Tex. 363 (1858). The judgment in the original suit stated that:

"On this the 13th day of January, 1961, came on to be heard the above entitled and numbered cause; and came James C. Calaway in person and both Plaintiffs by their attorney of record and announced ready for trial; and came the Defendants, E. S. Joslin and E. T. Bickley, by their attorney of record and announced ready for trial; and came the Defendant, Corpus Christi Savings & Loan Association, by its attorney of record and announced ready for trial; and came the Defendant, First Savings & Loan Association of Corpus Christi by its attorney of record and announced ready for trial; and Defendant Ross L. Allen, having filed his Disclaimer herein. Said Defendants being sued herein individually and as representatives of all property owners and mortgagees of Bessar Park, an Addition to the City of Corpus Christi, Nueces County, Texas.

"And it appearing to the Court, after having duly heard and considered the pleadings, evidence and argument of Counsel:

"(b) That the subject property has been zoned by the Zoning and Planning Commission of the City of Corpus Christi, Texas, for many years as 'A-1 or apartment use.'

"(c) That directly across the street from the subject property there is an apartment building and directly to the West of the subject property is an apartment building, both having been built and used for apartment buildings for many years in accordance and under authority of the Deed restrictions and official plat of said Subdivision.

"(d). That the persons, firms or corporations constituting each of the classes of Defendants hereinabove set out and referred to, are so numerous as to make it impractical to name all of them as parties by name, or to bring all of them before the Court in person, but that the persons made party defendants herein by name, and who are sued as representatives of the aforesaid classes of defendants, do fairly represent and have fairly represented all members of said respective classes and do fairly insure the representatives of all members of such respective classes, and that all of said defendants who are sued by representatives have interests in common in all issues involved herein with those defendants who are designated as representatives of all such respective defendants.

"(f). That the Defendants named herein and the classes they represent will not be · damaged by the amendment to the restrictions sought by Plaintiffs; that the subdivision, as originally platted, and the original restrictions providing for the use of the subject property for apartment use, which is the amendment sought herein, and the City of Corpus Christi, Texas, has for many years zoned the subject property for apartment use.

"(g). That all necessary and proper parties required to grant the Plaintiffs the relief they seek have been made party defendants hereto and have been duly and legally served with citation, or have entered their disclaimer and are properly before the Court.

"(h). That the law and facts are with the Plaintiffs and that the Plaintiffs are entitled to the amended Deed restriction to the extent sought by them; that such amendment will not be a detriment to the adjacent property owners or other property owners or mortgagees in Bessar Park, an Addition to the City of Corpus Christi, Texas; and that it would be inequitable and unjust to continue the single family restriction to the subject property."

Thereafter, the judgment recited the court's order and decree in which the court stated that the plaintiffs would "have judgment against the named Defendants (naming them), and all of the property owners and mortgagees in Bessar Park Addition * * *" declaring the restriction amended, and so forth.

We do not believe that the foregoing judgment and the recitals made therein are ambiguous.

The prior judgment recites that the named defendants are sued individually and as representatives of all property owners in the subdivision; that the persons,

firms or corporations constituting each of the classes are so numerous as to make it impractical to name all of them as parties by name; that the persons made party defendants are sued as representatives of the aforesaid class of defendants and do fairly represent, and have fairly represented, all members of said respective class; that the defendants who are sued by representatives have interest in common in all issues involved in the suit with those defendants who are designated as representatives of such respective defendants; and finally, that all necessary and proper parties required to grant the plaintiffs the relief they seek have been made party defendants and have been duly and legally served with citation and are properly before the court. The appellants contend, in effect, that they are entitled to open up these recitals to show that the appellants and the class they represent were not represented in the class of property owners named in the judgment.

■ In order for a collateral attack on a prior judgment to be entertained in a subsequent suit, the lack of jurisdiction must affirmatively appear either on the face of the judgment or in the record. 34 Tex. Jur.2d § 267, § 268 and § 331 (and cases cited therein). A cardinal principle governing the disposition of collateral attacks on judgments is that extrinsic evidence to the record may not be considered and the recitations in the judgment control. Fitch v. Boyer, 51 Tex. 336, Humble Oil & Refining Co. v. Fisher, 152 Tex. 29, 253 S.W. 2d 656 (1952); Lawler v. White, 27 Tex. 250 (1863); see also, Crawford v. McDonald, 88 Tex. 626, 33 S.W. 325; 34 Tex. Jur.2d § 332 (and cases cited therein).

■ The appellants, in their brief cite Stapleton v. Wilcox, 2 Tex.Civ.App. 542, 21 S.W. 972 (1893); Cline v. Niblo, 117 Tex. 474, 8 S.W.2d 633 (1928); and Easterline v. Bean, 121 Tex. 327, 49 S.W.2d 427 (1939), as examples of exceptional class of cases in which extrinsic evidence may be introduced in a collateral attack to destroy

the validity of a final judgment. Since the trial court in the prior cause was a Nueces County District Court * * * a court of general jurisdiction, acting in the exercise of its ordinary judicial function, and the judgment rendered by such district court in the prior cause contains affirmative express findings of all necessary jurisdictional facts, this case cannot and does not fall within the exceptional class. See opinion by Judge Denman, Templeton v. Ferguson, 89 Tex. 47, 33 S.W. 329 (1895).

Appellants contend that they are not bound by the prior judgment because the district court in the prior case never acquired any jurisdiction over the appellants as a matter of law. They contend that they could not have been represented during the case, as only the court can acquire jurisdiction, (other than through customary methods), by proof of compliance of Rule 42, T.R.C.P. Appellants contend that they were not represented by anyone in the prior cause because they composed a group that opposed the removal of the deed restriction, and there were no recitals in the judgment showing that their class was represented.

■ The courts of our state have held that persons may be bound by judgments although they are not named as parties thereto as that term is commonly used, if they are virtually represented in a class suit. Southern Ornamental Iron Works v. Morrow, Tex.Civ.App., 101 S.W.2d 336 (1937, wr. ref.); Richardson v. Kelly, 144 Tex. 497, 191 S.W.2d 857 (1945). Speaking for the court, Justice Speer in Southern Ornamental Iron Work, supra, stated:

"The judgment is regular in form, and shows jurisdiction of the subject-matter and the parties individually and as a class.

"There is nothing omitted from the judgment necessary to its validity upon its face. If in fact it should be found wanting in any requisite recitation, upon a collateral attack, such as this one, the fell-settled rule of every rea-

sonable presumption as to its validity would be applicable. Burton et al. v. McGuire et al. (Tex.Com.App.) 41 S.W. (2d) 238."

■ Since Rule 42(a), T.R.C.P., authorizes and controls class actions as a matter of procedure, even if an error was committed by the court affecting the application of the rule, it would not affect the jurisdiction of the court or the power of the court to render the judgment. Accordingly, although an erroneous exercise of power can be subject to a direct attack on the judgment, by appeal, writ of error, or bill of review, nevertheless the complaint cannot be raised in a collateral attack on a judgment. Crawford v. McDonald, 88 Tex. 626, 33 S.W. 325; Simmons v. Arnim, 110 Tex. 309, 220 S.W. 66 (1920); Templeton v. Ferguson, 89 Tex. 47, 33 S.W. 329; Southern Ornamental Iron Works v. Morrow, supra; Richardson et al. v. Kelly, supra; Humphrey v. Knox, Tex.Civ.App., 244 S.W.2d 309 (1951, wr. ref., n. r. e.); see also McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706 (1961).

Appellants cite the case of Knioum v. Slattery, Tex.Civ.App., 239 S.W.2d 865 (1951, wr. ref.), as a basis for the error of the trial court in granting a summary judgment. They contend, as a matter of law, that there were other members of other classes which were not before the court. The original judgment named only five defendants and since they can recite nine different possible classes, they contend they are representatives of one of the nine possible classes that could not, as a matter of law, have been represented by the five main defendants in the prior suit. In an opinion by Justice Norvell, the court stated that only parties and privies are bound by judgments. However, there is an exception to this rule which recognizes that a person may be bound by a judgment under the theory of virtual representation. The procedures of suits based upon this principle is set forth in Rule 42, T.R.C.P., which requires that "such as them (mem-

bers of the class affected), one or more, as will fairly insure the adequate representation of all," may be sued. The court concluded that where only two named defendants were representative of nine categories of interested persons, the trial court abused its discretion in holding that the two named defendants were representative of the classes of persons affected by the suit. This was a direct attack on a judgment by way of appeal, in which all of the proceedings and all of the evidence that appeared to the trial judge are opened for consideration by the reviewing court to determine if error was involved.

Appellants rely on Meyer v. Wichita County Water Imp. Dists. Nos. 1 and 2, Tex.Civ.App., 265 S.W.2d 660 (1954, wr. ref., n. r. e.) as being directly in point and controlling in the case before us. In the Meyer case, supra, two named plaintiffs, Moore and Kirk, in their individual capacity and also allegedly as representatives of property owners, brought suit against the water improvement district. The judgment decreed that the plaintiffs therein, individually and as a class, representing all of the property owners of certain lands, were entitled to have delivered to them for irrigation purposes certain waters from Lake Wichita and by decree imposed on the persons represented by the class, an affirmative obligation to pay fees or tolls for the water on a per-acre basis. The judgment became final and was not appealed. Four months thereafter, Meyer and other owners of lands to which the first judgment related, filed suit to set aside the judgment. They sought a prohibitive injunction against the parties plaintiffs and defendants in the prior judgment from collecting the assessments, contending that they did not desire water from the water improvement district and that they did not wish to become obligated to pay the assessments by virtue of the prior final judgment. The court cited the law of the Slattery case, supra, recognizing the general rule that only parties and privies are bound by judgment and the exception to the rule which recog-

nizes that a person may be bound in a judgment on the theory of virtual representation. The question in the Meyer case, supra, was narrowed down by the appellate court to a determination of whether the plaintiffs in the original suit had interests in common and were members of the class of the plaintiffs in the subsequent suit. It is obvious that the party plaintiffs who had but one single interest in common in the original suit, did not represent the classes of property owners who did not have a similar interest in the subject matter. The two named plaintiffs in the prior suit were seeking the same relief as individuals and as representatives of the class of property owners seeking the same relief as they. The judgment was one in personam. The court stated that "[o]ne not party to a suit is not bound by the judgment entered upon it and has the option of vacating it by direct proceedings or else to treat it as void in any collateral proceeding where rights might be asserted against him by reason of the same." Citing Parker v. Spencer, 61 Tex. 155 (1884). The pleadings alleged a cause of action for injunction relief and presented issues which plaintiffs were entitled to have litigated. In the Meyer case the parties in the second suit were identical to the parties in the first suit. We believe that the Meyer case, supra, can be distinguished from this case upon the facts.

In order to prevail in this case appellants would unquestionably have to use evidence aliunde the judgment to support the many allegations of their pleadings and to prove that the recitals in the judgment are erroneous. Appellants admit that they are property owners in the Bessar Park Addition. The trial court in the prior cause expressly found that the defendants in the prior cause fairly represented all property owners and mortgagees of Bessar Park and that all of such defendants who were sued by representatives have interest in common in all issues involved herein with those defendants who are designated as representatives of all

such respective defendants. We hold that the prior judgment, valid on its face, cannot be assailed collaterally. The jurisdictional recitals are not open to attack but import absolute verity. Levy v. Roper, 113 Tex. 356, 256 S.W. 251, Sup.Ct. (1923); Galbraith v. Bishop, Tex.Civ.App., 287 S. W. 1087 (1926); Southern Ornamental Iron Works v. Morrow, Tex.Civ.App., 101 S.W.2d 336, wr. ref.; Richardson v. Kelly, 144 Tex. 497, 191 S.W.2d 857.

Appellants' points are overruled.

The judgment of the trial court is affirmed.